**Affirmed; Opinion Filed February 27, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00066-CR

**ZAFAR ALI RAZA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F15-58310-R**

# MEMORANDUM OPINION

Before Justices Lang, Evans, and Schenck
Opinion by Justice Evans

Zafar Ali Raza was indicted for aggravated assault with a deadly weapon. Appellant pled not guilty and, at trial, asserted defense of third person. A jury convicted appellant of aggravated assault and assessed his punishment at eighteen years' imprisonment. On appeal appellant contends that the evidence is insufficient to disprove that he acted in defense of others or that his conduct was justified by necessity. Appellant also contends he received ineffective assistance of counsel due to counsel's failure to request that instructions on the necessity justification and presumption of reasonableness in defense of others be included in the jury charge. For the reasons that follow, we affirm the judgment of conviction.

## BACKGROUND

On October 2, 2015, Michael Rogers, the complainant, was shot in the face by appellant. Appellant admitted he shot appellant but claimed the shooting was justified because Rogers was endangering the lives of other persons.

Evidence of the circumstances leading to the shooting was presented through witness testimony and video surveillance. That evidence shows that appellant worked as a clerk at the Peach Tree Food Mart located on the south end of a small strip shopping center on Walnut Hill Lane in Dallas. Lupita's Café, a pool hall, was at the north end of the center. There were a couple of other stores in between the food mart and the pool hall. The businesses in the center shared a small parking lot which also contained gas pumps located in front of the food mart. There were two entrances or exits to the center, one coming off Walnut Hill close to the food mart, and one off of Estate Lane, the side street close to the pool hall.

Rogers and his wife, Tarsha,[1] owned a moving company and carpet cleaning business. They had three daughters, aged six, eight and fifteen. On October 2, 2015, they had just finished a move and carpet cleaning in Mesquite when Rogers pulled in front of the gas pumps in front of the food mart in order to replenish the gas in the U-Haul truck before returning it to the nearby rental center. Tarsha was with the three girls driving the family's SUV with a trailer attached carrying the carpet cleaning equipment. She followed Rogers to the gas station. When Rogers got out of the truck to pump the gas, he locked the doors with the keys inside, stranding the vehicle and blocking the pump. Tarsha told Rogers that the SUV also needed gas, and after arguing with each other, Rogers had Tarsha get out of the vehicle so he could pull it around to the other side of pump.

---

[1] At the time of the shooting, Rogers and Tarsha had been together since 2007 but were not married. They officially got married in June, 2016.

The U-Haul truck and SUV blocked both sides of the pump for about an hour while Tarsha and Rogers tried to find someone to open up the U-Haul. During that time, appellant and another store employee confronted Rogers and Tarsha about the vehicles blocking the gas pumps. After they explained the situation to appellant, the two men went back into the store. Shortly afterwards, another man came out and confronted Rogers and Tarsha using profanity and threatened to damage the vehicle. As a result of that encounter, Tarsha called 911. At that point, several men started walking quickly towards the SUV and Rogers jumped in the car. The men beat on the window, kicked the driver's side door, and attempted to open the driver's door as Rogers tried to pull away. Rogers had a difficult time maneuvering the vehicle with the trailer and jack-knifed the trailer several times; he also hit a couple of other vehicles in the parking lot. Each time the SUV slowed, the men attacked the vehicle again. One of the aggressors was pushed by Roger's vehicle when it lurched out of a jack-knife position. After being bumped, that individual advanced on the SUV again. Physical evidence showed that the SUV sustained damage to the driver's window and door and that the driver's side door handle had been torn off.

When Rogers was finally able to maneuver the vehicle and trailer in a position to exit at Walnut Hill, he was met by another vehicle attempting to enter the parking lot. At that point, the video shows the SUV going in reverse and the trailer jackknifing. Detective Kreun testified that the final rolling back and jackknife occurred after Rogers had been shot. Physical evidence shows that the bullet that hit Rogers came through the driver's side window and struck him in the face. Rogers suffered injuries which included broken bones in his mouth and face, complete loss of hearing in one ear, partial loss of hearing in the other ear, and an aneurysm from the fragments in his carotid artery.

Although appellant did not testify at trial, his statement to police was presented to the jury. In his statement, appellant admitted that he fired the weapon. He stated two reasons for shooting

Rogers: he believed he was protecting the people in the parking lot because Rogers was trying to run people over, and he believed Rogers was going to drive his vehicle into appellant's store and hit him.

## ANALYSIS

**I.      Sufficiency of the Evidence – Defense of Third Person**

In appellant's first issue, he contends that the evidence is legally insufficient for a rational jury to have found that he did not act in defense of a third person.

We review the legal sufficiency of the evidence to support a jury's rejection of defense of third person claim under the standard in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In defense of third person cases, this requires a court to review all of the evidence presented at trial in the light most favorable to the prosecution to determine if any rational trier of fact would have found the essential elements of the offense beyond a reasonable doubt and also would have found against appellant on the defense of third person issue beyond a reasonable doubt. *Braughton v. State*, 522 S.W.3d 714, 727 (Tex. App.—Houston [1st. Dist.] 2017, pet. granted) (citing *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991).

In this case, appellant was charged with aggravated assault with a deadly weapon by intentionally, knowingly, and recklessly causing bodily injury to Rogers by shooting him with a firearm. A person commits aggravated assault with a deadly weapon if he intentionally, knowingly, or recklessly causes bodily injury to another and uses or exhibits a deadly weapon during the commission of the assault. TEX. PENAL CODE ANN. §§ 22.01(a)(1) (West Supp. 2017), 22.02(a)(2) (West 2011). A deadly weapon includes a firearm. TEX. PENAL CODE ANN. § 1.07(17) (West Supp. 2017). The jury was also instructed on the definition of defense of a third person in accordance with the applicable law. A person is justified in using deadly force against another to protect a third person, "[s]o long as the accused reasonably believes that the third person would be

justified in using [deadly force] to protect himself. . . " *Smith v. State*, 355 S.W.3d 138, 145 (Tex. App.—Houston [1st. Dist.] 2011, pet. ref'd) (quoting *Hughes v. State*, 719 S.W.2d 560, 564 (Tex. Crim. App. 1986); *see* TEX. PENAL CODE ANN. § 9.33 (West 2011). A person is justified in using deadly force against another . . . when and to the degree the actor reasonably believes the deadly force is immediately necessary to protect the actor against the other's use or attempted use of unlawful deadly force. *See* TEX. PENAL CODE ANN. § 9.32(a) (West 2011). A "reasonable belief" is defined as one that would be held by an ordinary and prudent person in the same circumstances as the actor. *See* TEX. PENAL CODE ANN. § 1.07(a)(42) (West Supp. 2017).

A defendant has the burden of producing some evidence to support a claim of defense of others. *Braughton*, 522 S.W.3d at 730 (citing *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003)). Once the defendant does so, the State then bears the burden of persuasion to disprove the raised defense. *Id*. The burden of persuasion does not require the State to produce evidence; it requires only that the State prove its case beyond a reasonable doubt. *Id*. A determination of guilt by the fact finder implies a finding against the defensive theory. *Id*.

The issue of defense of a third person is a fact issue to be determined by the fact finder, who is free to accept or reject the defensive issue. *Saxton*, 804 S.W.2d at 913–14. As the sole judge of the weight and credibility accorded any witness's testimony, the fact finder is free to believe or disbelieve the testimony of all witnesses, and to accept or reject any or all of the evidence produced by the respective parties. *Cleveland v. State*, 177 S.W.3d 374, 380 (Tex. App.—Houston [1st. Dist.] 2005, pet. ref'd).

In his statement to the police, appellant admitted that he shot Rogers. He maintains, however, that he shot Rogers to protect the people in the parking lot, and the other people on the sidewalk in front of the food mart, and the people on the sidewalk between the food mart and the pool hall. Appellant contends that he acted reasonably because the evidence, including his

statement, the 911 call he made, and the testimony of other witnesses, show that Rogers's conduct threatened people in the parking lot and threatened people on the sidewalk because they thought he was going to drive into the food mart. The statements of appellant and his witnesses do not conclusively prove a claim of defense of a third person. *See London v. State*, 325 S.W.3d 197, 203 (Tex. App.—Dallas 2008, pet. ref'd).

Based upon the evidence in this case, the jury rationally could have rejected appellant's defense of third person theory. The jury viewed three different video recordings of the events surrounding the shooting. The video from the pool hall shows an hour of events leading up to the altercation. Two videos from the food mart show the actions of appellant and others prior to the shooting and immediately after. In the videos, it is apparent that no one was in danger of being hit by Rogers's vehicle, that the only people that are near Rogers's vehicle are the men attacking the vehicle and that Rogers is trying to get away from the men but that the men keep coming after his vehicle as it is moving forward. It is apparent from the videos that if Rogers was intent on hitting somebody in the parking lot, he could have done so but instead drove his vehicle in a manner indicating he was trying to get away. It is also apparent from the videos that just before Rogers was shot, he was positioning his vehicle to head out of the Walnut Hill exit, as opposed to aiming his vehicle to run forward or backward into the front of the store, as claimed by appellant. The videos also showed that the bystanders, including appellant, were standing on the sidewalk in front of the food mart as they watched the events unfold. The videos did not show anyone on the sidewalk in front of the food mart trying to scramble out of the way of Rogers's vehicle.

Detective Kreun testified the physical evidence also indicated that Rogers was trying to exit the parking lot and that no one was in danger of being hit. The evidence showed that the bullet that hit Rogers came through the driver's side window and struck him in the face, which placed appellant, who was standing on the sidewalk in front of the food mart, beside the car and not in

front of the car. Detective Kreun testified that after his investigation at the scene and viewing the videos, he could find no evidence that anyone was in danger.

Further, testimony from two defense witnesses, the manager of the pool hall and the security guard for the pool hall, indicated that no one on the sidewalk in front of the pool hall or in the parking lot near the pool hall was in danger of being hit by Rogers's vehicle. The pool hall manager stated that he was standing on the sidewalk and if he had been in danger, he would have called 911 himself. The security guard testified that when he came out to the parking lot, Rogers was coming in his direction and he shined his flashlight at Rogers but did not pull his gun because he did not believe his life or any other person's life was in danger; he thought Rogers was trying to leave the parking lot.

Finally, Rogers testified that he was still learning to maneuver the trailer. He testified that he was frightened and trying to get away from the men who were attacking his vehicle in order to protect his children. He testified that he did not think he could get out of any other exit and that the only exit he knew was the Walnut Hill exit – the exit he had used to come into the parking lot. He testified that when the security guard was shining the flashlight in front of him, he thought it was a gun pointing towards him and that he was being told not to come that way. He testified that all of his maneuvering of the SUV and trailer was him just trying to get to the exit he knew in order to get out of the parking lot.

Based upon the video and physical evidence, as well as the testimony of not only the State's witnesses, but also the defense witnesses, the jury could have reasonably concluded that contrary to appellant's statements, no people were in danger of being hit by Rogers's vehicle when he was heading towards the exit of the parking lot. Considering all of the evidence in the light most favorable the verdict, we conclude a rational jury could have found the essential elements of

aggravated assault beyond a reasonable doubt and rejected appellant's defense of third person claim. Appellant's first issue is overruled.

## II. Sufficiency of the Evidence – Defense of Necessity

In appellant's second issue he contends that the evidence is insufficient to disprove that appellant's conduct was justified by necessity. Appellant argues that although the defense of necessity was not included in the jury charge, the hypothetically correct jury charge in this case would include consideration of the necessity defense and that under the holding in *Malik v. State*, the sufficiency of the evidence must be measured according to a hypothetically correct charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). We need not address appellant's claim because the "hypothetically correct jury charge" analysis is inapplicable under the facts of this case.

*Malik* provides that a hypothetically correct jury charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.* A hypothetically correct jury charge includes only the defensive issues applicable to the case that the defendant timely requests or objects to the omission from the jury charge. *Tolbert v. State*, 306 S.W.3d 776, 780 (Tex. Crim. App. 2010); *Posey v. State*, 966 S.W.2d 57, 61–62 (Tex. Crim. App. 1998). Appellant did not ask to include the defense of necessity in the jury charge, nor did he object to its omission. Therefore, the necessity defense is not be considered in an evaluation of the sufficiency of the evidence to support appellant's conviction for aggravated assault. *See Cervantes v. State*, No. 07-14-00391-CR, 2015 WL 3610543, at *2 (Tex. App.—Amarillo June 9, 2015, no pet.) (not designated for publication); *Osborne v. State*, No. 07-13-00156, 2015 WL 3463047, at *3, (Tex. App.—Amarillo May 29 2015, pet. ref'd) (not designated for publication); *Pruiett v. State*, No. 05-12-00131-CR, 2013 WL

–8–

1277861, at *2 (Tex. App.—Dallas Feb. 25, 2013, pet. ref'd) (mem. op., not designated for publication).  Appellant's second issue is overruled.

## III.    Ineffective Assistance of Counsel

In appellant's third and fourth issues, he contends that he received ineffective assistance of counsel at trial because of counsel's failure to request that instructions on the defense of necessity and the presumption of reasonableness be included in the jury charge.  We disagree.

To prove a claim of ineffective assistance of counsel, appellant must show that (1) his trial counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011).  Appellant has the burden to establish both prongs by a preponderance of the evidence.  *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).  "An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong."  *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009); *see also Strickland*, 466 U.S. at 697.

### A.    Defense of Necessity Instruction

Assuming, without deciding, that appellant was entitled to an instruction on the defense of necessity, on this record, appellant cannot show how the result of the proceeding would have been different had the jury charge included a necessity instruction.

The necessity defense provides that conduct is justified if:

(1)  the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;

(2)  the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and

–9–

(3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

TEX. PENAL CODE ANN. § 9.22 (West 2011).  A proper charge on the defense of necessity includes the first two subsections.  *See Williams v. State*, 630 S.W.2d 640, 642–43 (Tex. Crim. App. 1982).

The jury was instructed on defense of third person, as follows:

> You are instructed that under our law a person is justified in using force or deadly force against another to protect a third person if, under the circumstances as he reasonably believes them to be, such person would be justified in using force or deadly force to protect himself against the unlawful force or deadly force of another which he reasonably believes to be threatening the third person he seeks to protect, and he reasonably believes that his intervention is immediately necessary to protect the third person.

> A person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force.

> By the term "reasonable belief" as used herein is meant a belief that would be held by an ordinary and prudent person in the same circumstances as the defendant.

> A person is justified in using deadly force against another:

> (1) if the person would be justified in using force against the other; and

> (2) when and to the degree the person reasonably believes the deadly force is immediately necessary:

>> (A) to protect himself against the other's use or attempted use of unlawful deadly force; or

>> (B) to prevent the other's imminent commission of aggravated kidnapping, murder, sexual assault, aggravated sexual assault, robbery, or aggravated robbery.

> "Deadly force" means force that is intended or known by the person using it to cause, or in the manner of its use or intended use is capable of causing, death or serious bodily injury.

> . . . .

> Now, therefore, bearing in mind the foregoing definitions and instructions, if you find from the evidence beyond a reasonable doubt that the defendant, Zafar Ali Raza, did unlawfully then and there intentionally or knowingly or recklessly cause bodily injury to Michael Rogers, hereinafter called complainant, by shooting complainant with a firearm, and said defendant did use or exhibit a deadly weapon

to wit; a firearm, during the commission of the assault, as alleged in the indictment, but you further find from the evidence, or you have a reasonable doubt thereof, that, that the defendant reasonably believed that deadly force when and to the degree used, if it was, was immediately necessary to protect an unknown individual against the use or attempted use of unlawful deadly force by Michael Rogers you will acquit the defendant and say by your verdict "not guilty."

The instructions and evidence in this case make the prejudice prong of the ineffective assistance of counsel analysis analogous to the harm analysis in *Rodriguez v. State*, 524 S.W.3d 389, 395 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd). In *Rodriguez*, the Houston Court of Appeals held that the appellant was not harmed by the omission of a necessity instruction when the jury charge included a self-defense instruction. The court noted that the jury rejected appellant's claim of self-defense and found that none of the evidence and instructions concerning self-defense set up any barriers that could have led to a finding of necessity without a finding of self-defense. *Id.*

Here, the jury rejected appellant's claim of defense of third person. Thus, the jury found that the State negated at least one essential element of defense of third person and proved beyond a reasonable doubt either (1) appellant did not reasonably believe that a third person was in danger of death or serious bodily injury, or (2) appellant did not reasonably believe that deadly force was immediately necessary to protect a third person against Rogers's use or attempted use of unlawful deadly force. *Id.* (citing *Barrios v. State*, 389 S.W.3d 382, 398 (Tex. App.—Texarkana 2012, pet. ref'd). If the jury rejected the defense of third person theory based on the first prong – no reasonable belief that a third person was in danger – then the jury would have also rejected the necessity defense because appellant did not reasonably believe that a specific harm was imminent. If the jury rejected the defense of third person theory based on the second prong – no reasonable belief that force was immediately necessary to protect a third person from Rogers – then the jury would have also rejected the necessity defense because appellant did not reasonably believe that shooting Rogers was immediately necessary.

–11–

As in *Rodriguez*, we cannot find any evidence in the record specific to appellant's necessity defense such that the jury might have rejected appellant's defense of third person theory while accepting his necessity theory. Appellant's conduct was the same: shooting Rogers. The harm sought to be avoided was the same: protecting others from being seriously injured by Rogers conduct in driving his vehicle in the parking lot. None of the evidence and instructions concerning defense of third person set up any barriers that could have led to a finding of necessity without a finding of defense of third person. The instructions and evidence overlapped to such a degree that we are assured appellant suffered no harm and the result of the proceeding would not be different. *Id.*; *see also Barrios*, 389 S.W.3d at 398.

### B. Presumption of Reasonableness Instruction

Appellant also contends that he received ineffective assistance of counsel because counsel should have requested that the presumption of reasonableness instruction be included in the charge. Appellant claims that he was entitled to the presumption because the jury could have found appellant reasonably believed Rogers was attempting to commit murder. We conclude that appellant can show neither deficient performance by counsel in failing to request the instruction, nor a likelihood that the result of the proceeding would have been different had the jury charge included a presumption of reasonableness instruction.

The presumption of reasonableness under Penal Code § 9.32 provides that the actor's belief that deadly force was immediately necessary was reasonable if the actor knew or had reason to believe that the person against whom the deadly force was used was committing or attempting to commit the offense of murder. TEX. PENAL CODE ANN. § 9.32(a)(2)(B), (b)(1)(C) (West 2011). The Penal Code "requires that a presumption that favors the defendant be submitted to the jury if there is sufficient evidence of the facts that give rise to the presumption . . . unless the court is satisfied that the evidence as a whole clearly precludes a finding beyond a reasonable doubt of the

presumed fact. TEX. PENAL CODE ANN. § 2.05(b)(1) (West 2011); *Morales v. State*, 357 S.W.3d 1, 7 (Tex. Crim. App. 2011). As pointed out by the State in its brief, the record in this case is devoid of any facts that support the elements of murder or attempted murder. Thus, appellant was not entitled to the instruction.

Further, under the evidence in this case, a complete instruction would have permitted the jury to disregard the presumption of reasonableness based on its determination that appellant had no reason to believe that Rogers was attempting to commit murder. *See Villarreal v. State*, 453 S.W.3d 429, 435 (Tex. Crim. App. 2015). In addition, a presumption of reasonableness instruction would not likely have resulted in a different verdict because of the weakness of appellant's defensive evidence in comparison to the evidence in the record refuting that evidence. *Id*. at 439.

We overrule appellant's third and fourth issues.

## CONCLUSION

We affirm the trial court's judgment.


/David Evans/
DAVID EVANS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
170066F.U05

–13–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ZAFAR ALI RAZA, Appellant

No. 05-17-00066-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F15-58310-R.
Opinion delivered by Justice Evans, Justices Lang and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 27th day of February, 2018.